In the Matter of the Claim of THEA H. LEENDERS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, July 3, 1974.

174

*Frans J. J. Van Heemstra* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Jack Kleinsinger, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J. In this case, the board found: "The evidence establishes that claimant refused to follow a reasonable request of the employer to remove certain books from the bookcase in her office. She should reasonably have anticipated that by refusing a reasonable request of the employer she was jeopardizing the continuance of her employment. By her course of conduct she provoked her discharge which is tantamount to a voluntary leaving of employment without a good cause."

It is undisputed that the claimant had worked for the employer for several years prior to October of 1972, at which time she was in charge of a department having at least two employees under her control. Further, it is undisputed that the claimant in late October or possibly early November of 1972 was told that her employment was being terminated with three weeks' notice. Accordingly, November 17, 1972 was her last day of employment. After submitting a claim for benefits on Novem-

ber 20, 1972 the claimant was apparently interviewed on December 13, 1972 at which time she stated that she had an argument with her supervisor in regard to some undetailed proposed changes in her department and also over a pay raise at which time the supervisor "let me go". Apparently the interviewer thereupon called the employer and talked to a person in the Personnel Department who advised the interviewer that the claimant was discharged because of an outburst when given instructions.

Based upon that interview of December 13, 1972 the respondent, on December 15, 1972, denied benefits upon the ground that the claimant had provoked her discharge and thus had quit without good cause.

A hearing was held before a Referee on February 27, 1973 at which time no evidence was offered by the employer and/or the respondent. The claimant, however, gave evidence by way of testimony and the introduction in evidence of certain rules of the employer.

The claimant testified to the effect that in late October or early November of 1972 at a time when she and her subordinates were extremely busy with the productive work of her department, her supervisor came into her office and ordered her to immediately move her library which consisted of an entire wall full of books. She testified that she believed that such a project as moving books was not as important as completing her immediate departmental work and, therefore, she objected to the direction. The claimant admitted that there was an argument which culminated in her supervisor saying that it was better if the claimant looked elsewhere for employment and at which time the supervisor told her to leave at the end of three weeks. The claimant conceded that in the course of the argument her requests for a pay raise were also raised.

It is thus established that at the time the claimant was effectively discharged with three weeks' notice, the same came about as a result of or during what either was an argument or an "outburst". The record is completely devoid of any evidence that the outburst or argument was loud or included any misconduct on the part of the claimant toward her supervisor. At most, it would appear that the claimant was demanding a pay raise—not the basis for the board's decision—and was further attempting as manager of a department to participate in management decisions affecting her department. Common everyday experience brings awareness that management per-

sonnel may be expected to attempt to participate in decisions which affect the productivity of their department and that their views will be considered by the higher echelon despite what are otherwise direct initial orders. The mere fact of an argument in regard to the proper course of work details within a department over which the claimant had direct responsibilities does not support an inference that the claimant was, in fact, guilty of a refusal to follow an order by a superior so as to constitute a provocation of discharge. (See *Matter of Judermanns* [*Levine*], 43 A D 2d 654, 655.)

The record does not contain any evidence that the nature and extent of the outburst would constitute what might be considered as protracted offensive conduct toward her supervisor and, indeed, the only substantial evidence would be that the discharge came about at a time of "mere petty irritability on the part of both the supervisor and the claimant". (*Matter of Raven* [*Levine*], 40 A D 2d 128, 130.)

As noted hereinabove the claimant did cause to be introduced certain rules of the employer which relate to employee conduct and the grant of severance pay upon termination of the employment. Among other things, those rules provide that insubordination is considered to be a cause for dismissal. They also provide that if employees are discharged for cause, they will not receive severance pay. It is undisputed that the claimant was in fact granted severance pay as provided in said rules in the amount of six weeks. Based upon the employer's own rules, and the undisputed fact that claimant received six weeks' severance pay, it must be concluded that the employer did not consider that the employee through misconduct had caused the termination of her employment. Since offensive conduct and insubordination are matters completely dependent upon the employer's own evaluation of an employee's conduct, the claimant has succeeded in establishing that her discharge was not based upon conduct on her part which was of such a nature that she should have realized would bring about her discharge. The record here is devoid of any charges, statements or recommendations by the employer. Ordinarily, a report of employment form (LO-11n) is sent to the employer to be returned within seven days and requires full information as to the claimant and which usually includes the reason for termination of employment. Such is not part of this record. The decision of the board of necessity must be based upon the alleged oral statement by the Industrial Commissioner which the Referee stated was not evidence or on the uncontradicted testimony of the claim-

ant. In either event, on this record, there is no substantial evidence to sustain the decision of the board.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, COOKE, SWEENEY and MAIN, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.